# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD LEE WRIGHT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 14-CV-211-JHP-FHM |
| TERRY MARTIN, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing pro se, raises four (4) grounds for relief in his petition (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). On September 9, 2014, after receiving two (2) extensions of time, Petitioner filed a response to the motion (Dkt. # 14). Without first obtaining leave of court, Petitioner also filed an amended petition (Dkt. # 15). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice. The amended petition is also time barred and is dismissed with prejudice.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Burglary, Robbery by Force, and Attempted Larceny of an Automobile, all After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CRF-1989-5025. See Dkt. # 8-3 at 1-2. He was found not guilty of two counts of Kidnaping. On March 27, 1990, in accordance with the jury's recommendation, the trial judge sentenced Petitioner to forty-five (45) years imprisonment for both First Degree Burglary and Robbery by Force and twenty (20) years imprisonment for Attempted

Larceny of an Automobile, and ordered the sentences to run consecutively. At trial, Petitioner was represented by attorney Steve Lowery. See Dkt. # 8-2 at 9.

Petitioner perfected a direct appeal at the Oklahoma Court of Criminal Appeals (OCCA). On appeal, Petitioner was represented by attorney Jack D. McCurdy, II. See Dkt. # 8-1 at 4. In an unpublished summary opinion, filed July 15, 1994, in Case No. F-1991-1122, the OCCA affirmed the judgment and sentence of the trial court. Id.

On October 3, 2012, or more than eighteen (18) years after the conclusion of his direct appeal, Petitioner filed his first application for post-conviction relief. See Dkt. # 8-2 at 21. By order filed January 9, 2013 (Dkt. # 8-8), the state district court denied the requested relief. Petitioner appealed. On December 3, 2013, in Case No. PC-2013-0116, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 8-4.

On May 5, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises four (4) grounds of error, as follows:

Ground 1: Conviction is a violation of Okla. Stat. Ann. 21, § 11, and Okla. Stat. Ann. 22, § 404; Okla. Const. Art. 2, § 21; and 14th Amendment USCA.

Ground 2: The sentence for Burglary I exceeds the statutory provisions set in Okla. Stat. Ann. 21, § 1436.

Ground 3: Sentence for attempted theft of automobile is excessive under provisions of state law.

Ground 4: Ineffective assistance of counsel in violation of Petitioner's 6th and 14th Amendment rights under the U.S. Const.

See id. In response to the petition, Respondent asserts that the petition is time barred. See Dkt. # 7. Petitioner objects to the motion to dismiss, arguing that the Antiterrorism and Effective Death Penalty Act (AEDPA) is an unconstitutional suspension of the writ of habeas corpus and, for that

reason, should not apply to him. See Dkt. # 14. After Respondent filed the motion to dismiss, Petitioner filed an amended petition (Dkt. # 15) raising only two (2) claims: (1) that the AEDPA is an unconstitutional suspension of the writ, and (2) that his convictions for first degree burglary, robbery by force and fear, and attempted larceny of an automobile subjected him to double jeopardy and violate the Fourteenth Amendment to the U.S. Constitution.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), overruled on other grounds, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. In other words,

3

prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas corpus petition was not filed within the one-year limitations period. Petitioner's convictions entered in Tulsa County District Court, Case No. CRF-1989-5025, became final on October 13, 1994, after the OCCA concluded direct review on July 15, 1994, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's application for post-conviction relief was filed after the grace period had expired and does not serve to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson,

4

262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2).

Because Petitioner filed his petition after the effective date of the AEDPA, this Court is bound by the provisions of that statute. Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007). Nonetheless, in response to the motion to dismiss, Petitioner presents one argument: that "[t]he AEDPA is an unconstitutional suspension of the writ of habeas corpus and should not be applied against Petitioner in the instant proceedings." (Dkt. # 14). Petitioner cites U.S. Constitution, art. I, § 9, in support of his argument. However, the Tenth Circuit Court of Appeals has rejected Petitioner's argument and found that AEDPA's limitation period does not violate the Constitution's Suspension Clause, U.S. Const. art. 1, § 9, cl. 2 (stating that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . . ."). See Long v. Miller, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished)[1] (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("[W]e readily conclude that, as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus."); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) ("We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause."); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 113-14 (2d Cir. 2000) ("[B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

not render the habeas remedy inadequate or ineffective to test the legality of detention, and therefore does not per se constitute an unconstitutional suspension of the writ of habeas corpus." (internal quotation marks omitted)); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. [Defendant] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired." (footnote and internal quotation marks omitted))).

In this case, Petitioner fails to explain why he was unable to file a petition for writ of habeas corpus during the one-year grace period. As a result, he has not shown that the limitations period made the habeas remedy inadequate or ineffective for him. Therefore, based on the authority cited above, the Court rejects Petitioner's challenge to the one-year limitations period as unconstitutional.

The Court also recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

6

Petitioner makes no argument suggesting he is entitled to equitable tolling. Furthermore, nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. The record cited above reflects lengthy delays in pursuing habeas corpus relief and demonstrates a lack of reasonable diligence by Petitioner in pursuing his rights. As a result, Petitioner is not entitled to equitable tolling.

The Court concludes that the petition filed in this case is time barred. Furthermore, nothing in the amended petition changes the Court's conclusion. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

7

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition, as amended, based on the statute of limitations, is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 15), is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.
4. A certificate of appealability is **denied**.

**DATED** this 24th day of October, 2014.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma